## STACY v. RITTENHOUSE.

No. 12247—Opinion Filed Nov. 6, 1923.

**Landlord and Tenant—Priority of Leases.**

When A. acquires an interest in real property, upon which property B. has a valid and subsisting lease, which lease is of record, A. takes subject to all the conditions in B.'s lease, and a petition fi'ed by A. seeking to cancel such prior lease, and such petition showing upon its face that plaintiff's interest was acquired long after the execution and recordation of such prior lease, fails to state a cause of action, and a demurrer thereto should be sustained.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Irving Stacy against George B. Rittenhouse to declare null and void a certain oil and gas lease held by defendant. From judgment rendered in favor of defendant, plaintiff appeals. Affirmed.

Jarrett & Speakman, for plaintiff in error.

Rittenhouse & Rittenhouse, for defendant in error.

Opinion by RUTH, C. This was an action instituted in the district court of Lincoln county by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, whereby the plaintiff seeks to have a certain oil and gas lease now held by the defendant on the S. E. ¼ of section 16, township 14 north, range 5, of the Indian Meridian, in Lincoln county, declared null and void, and that the same be canceled of record, and the title of plaintiff in said land be decreed that of a school land lessee with the preference right to purchase said lands, including not only the surface rights thereto, but also the oil and gas rights therein.

In his petition, the plaintiff recites that under and by virtue of section 9 of the act of Congress, approved June 16, 1906, commonly known as the Enabling Act, provision is made for the sale of sections 16 and 36, including the lands in controversy, which gives to the lessee the preference right to purchase in the following language, to wit:

"Preference right to purchase at the highest bid being given to the lessee at the time of such sale."

He then recites the act of Congress giving the preference right to the state to lease the said lands and further recites that section 22 of the said act of Congress, approved June 16, 1906, commonly known as the Enabling Act, required the Constitutional Convention of the state of Oklahoma to irrevocably accept the terms and conditions of this act, and the Constitutional Conven-

tion did pass such ordinance and accept such terms.

The plaintiff further alleges the Commissioners of the Land Office did lease the particular lands herein involved, and said lease was extended and renewed from time to time. and the Commissioners of the School Land Department of Oklahoma made and delivered a certain lease, attached to his petition and marked "Exhibit A," to the plaintiff "as the grantee of the prior lessee of the said above described real estate." Plaintiff then alleges that the Commissioners of the Land Office of the state of Oklahoma did on the 21st day of May, 1915, execute and deliver to Fred B. Hoyt a certain oil and gas mining lease, a copy of which he attaches to his petition and marked "Exhibit B", and alleges the assignment of said lease on the 7th day of June, 1918, to the defendant, Rittenhouse.

The petition of the plaintiff is of considerable length, and the above facts are the only facts necessary to be set out for the purpose of this opinion. To this petition, the defendant filed his demurrer upon the ground that upon the face of the petition, it was disclosed that the plaintiff was not the owner of the land and was not entitled to the relief sought, and the facts stated in the petition were not sufficient to constitute a cause of action in favor of the plaintiff and against this defendant. The demurrer of the defendant was by the court sustained and the plaintiff electing to stand upon his petition, gave due notice of appeal to this court, and this cause is now before us for review on the sufficiency of the petition to state a cause of action, and the action of the court in sustaining the demurrer thereto.

Neither plaintiff nor defendant has furnished us with a brief in this case, but, by consent, the cause is submitted on briefs filed in cause No. 12243, Magnolia Petroleum Company v. Price et al., which case has been decided by this court and reported in 86 Okla. 105, 206 Pac. 1033. By so submitting this cause upon briefs filed in case No. 12243, both parties have placed themselves at a disadvantage, for the reason that it is not necessary in this case to determine any of the questions arising in the case heretofore decided, as the former case went to trial, evidence was introduced, the various acts of Congress, including the Enabling Act, were introduced and argued and referred to in briefs, and judgment rendered after full hearing, while in the instant case, the only question before this court is upon the ruling of the court in sus-

taining the demurrer to the plaintiff's petition.

An examination of the record in the instant case discloses that the plaintiff in his petition asserts in one part thereof that he is the grantee of former lessees, but nowhere does he set up in his petition any fact or circumstance showing to this court that this particular land was ever leased to any grantor of the plaintiff, nor does he allege or attempt to set up the date upon which any lease was made by the Commissioners of the Land Office with reference to this land to a former lessee. An examination of the plaintiff's lease discloses that it was executed by the Commissioners of the Land Office of the state of Oklahoma, on February 28, 1921, and we find in the lease, under which this plaintiff claims, the following clause:

"Hereby reserving, however, to the state of Oklahoma its lessees, or grantees, the right to explore said premises for oil or gas; to drill and operate oil and gas wells on said premises, and the easement, use and right of way to enter reserved, as provided by the statutes of the state of Oklahoma"

—and we further find in said lease of the plaintiff the following clause:

"That the said party of the second part (plaintiff) hereby agrees, binds, obligates, that he is leasing said lands for agricultural and grazing purposes and that he will use and occupy the same for no other purpose; * * * that he will not mine or move or permit to be removed any mineral thereupon."

As part of the plaintiff's petition, he sets up the gas mining lease under which the defendant claims and makes it a part of his petition, which lease shows upon its face that it was executed on the 21st day of May, 1918, by the Commissioners of the Land Office, and was on the 7th day of June, 1918, assigned to the defendant herein for a valuable consideration more than two years prior to the plaintiff acquiring any interest in the property.

While in case No. 12243, heretofore considered by this court, numerous questions arose as to the right of the state to execute an oil and gas lease under the acts of Congress, that case has been finally determined by this court, and becomes the fixed and settled law with reference thereto so long as such decision remains without reversal. In that case, it was not denied that the lessee acquired his rights prior to the execution of the oil and gas lease given to the Magnolia Petroleum Company, but in the instant case, no such condition pre-

sents itself, as it is shown by the plaintiff's petition that he acquired no interest in this land until approximately two years and seven months after the defendant had acquired his oil and gas lease. Plaintiff in this action relies upon the Enabling Act for his preference rights, and sets forth portions of section 8 of the Enabling Act in support of his preference rights, but overlooked a very material portion of section 8 in the Enabling Act, which provides:

"Where any part of the lands granted by this Act to the state of Oklahoma are valuable for minerals, gas and oil, such lands shall not be sold prior to January first, nineteen hundred and fifteen; but the same may be leased for periods not exceeding five years by the state officers duly authorized for that purpose, such leasing to be made by public competition after not less than thirty days advertisement in the manner to be prescribed by law, and all such leasing shall be done under sealed bids and awarded to the highest responsible bidder. The leasing shall require and the advertisement shall specify in each case a fixed royalty to be paid by the successful bidder, in addition to any bonus offered for the lease."

This section of the Enabling Act also provides that agricultural lessees in possession of the land at the time of the operations in drilling for oil shall be reimbursed by the mining lessees for all damage done to said agricultural lessees' interest therein by reason of such operations, but in the instant case, the lessee of the agricultural lease taking such lease approximately two years and seven months after the mining lease was executed and placed on record, and taking it subject to such mining lease, as shown by his petition, he thereby acquired his agricultural lease with express notice of the prior rights of the mining lessee, and his failing to show, either by assignment or otherwise, any priority over the holders of the mining lease, his petition wholly failed to state a cause of action, and finding no error in the judgment of the trial court in sustaining the demurrer thereto, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.